IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-cv-80578-RLR

EVERLONG, LLC, *on its own behalf, and as assignee of* OAKMONT STABLES, LLC,

Plaintiff,

v.

GREAT AMERICAN ASSURANCE COMPANY,

Defendant.
_______________________________________/

**DEFENDANT GREAT AMERICAN ASSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF EVERLONG, LLC'S FIRST AMENDED COMPLAINT WITH PREJUDICE**

Defendant Great American Assurance Company ("Great American"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court to dismiss Everlong's First Amended Complaint [ECF No. 40] with prejudice, and in support states as follows:

## I. INTRODUCTION

When the parties argued Great American's Motion to Dismiss Everlong's original complaint, the focus, properly under Florida law, was on the fact that Everlong did not allege that it made a policy limits demand. Great American stated that Everlong did not and could not; Everlong suggested it could; and the Court said we would see, granting Great American's Motion to Dismiss with leave for Everlong to amend its complaint.

> Mr. Ruggeri: [Everlong] will not be able to allege that a settlement demand was made within my policy limits. And in the absence of that I will ask you to file a judgment analysis in the *Novello* case.

> The Court: Yes. And you might be there.
>
> But, you know, Mr. Moss, I have to agree. I am not at summary judgment. I am not looking at anything outside of the pleadings. But I do agree that for you to survive it needs to be a little more clear on, there was an offer. They rejected it.

*See* January 26, 2026 Hearing Transcript ("Hearing Tr.") 21:7-16.

Everlong's Amended Complaint shows that Great American was right: a review of all the allegations in the Amended Complaint shows once again that Everlong has not and cannot allege that it made *any* settlement demand, let alone a settlement demand within policy limits, because Everlong did not. *See generally* Amended Complaint.

Rather, through its Amended Complaint, Everlong somewhat subtly changes its argument from saying that Great American failed to settle within policy limits, to saying that Great American failed to *try* to settle within policy limits. Amended Complaint ¶ 85 ("Great American had an affirmative duty to, at a minimum, initiate settlement negotiations with the Plaintiff on behalf of its insured."); ¶ 88 ("Great American, through its agents, employees, and/or representatives, breached its duties of good faith owed to Oakmont Stables by, including but not limited to, the following: . . . Failing to initiate settlement negotiations with Everlong solely on behalf of its insured.").

This Court should dismiss this new argument, too, because Everlong's own Amended Complaint shows that Great American, in fact, *did* try to settle within policy limits. Indeed, Paragraph 37 shows that Great American *made a settlement offer*:

> [Great American claims adjuster] Winford agreed, and [defense counsel] Ocrant then made the following offer: "Defendants are offering a global settlement consistent with the offer presented at mediation. Defendants will remit a one-time payment in the amount of $100,000 with an agreement that each side would keep the horses they currently have in their custody in exchange for Whiterock withdrawing its $348,000 counter claim. This creates a $448,000 global settlement.

Amended Complaint ¶ 37.

Where a complaint's own allegations disprove an element of that party's cause of action, the Court should dismiss the complaint because that complaint fails to state a claim upon which relief can be granted. *See Underwriters at Int. Subscribing to Certificate No. 3860-7800-0000-0025 v. Seaboard Marine Ltd.*, No. 08-22113-CIV-TORRES, 2009 WL 928719, at *3 (S.D. Fla. Apr. 3, 2009) ("Dismissal for failure to state a claim upon which relief can be granted is warranted when the factual allegations of the complaint affirmatively disprove the alleged cause of action.").

Not only that, the Amended Complaint exposes a second reason for the Court to dismiss Everlong's Amended Complaint. Everlong sued Oakmont Stables and its two employees (or members), Darragh Kenny and Carmen Barrera, for fraud:

> In the underlying Lawsuit, Everlong alleged that Darragh Kenny, along with other defendants, defrauded Everlong by, among things, stealing prize money due to Everlong, selling horses and failing to share sale proceeds, charging personal and unrelated business expenses to Everlong, stealing and selling valuable horse straws (semen), and a variety of other fraudulent acts.

Amended Complaint ¶ 11. This has been Everlong's consistent pleading; the underlying lawsuit was one for fraud. *E.g.*, Plaintiff's Response to Defendant's Motion to Dismiss [ECF No. 21] at 2 ("The allegations against the Defendants related to fraudulent activities involving, among other things, stealing prize money, selling horse straws (semen), failing to share sale proceeds, and improper business charges.").

As a matter of Florida public policy, insurance cannot cover fraud. *See Everglades Marina, Inc. v. Am. E. Dev. Corp.*, 374 So. 2d 517, 519 (Fla. 1979) ("We recognize the long-established law of this state that an insurer is not liable to indemnify the insured for losses

directly incurred by the fraud or misconduct of that insured.”). Nor can it cover theft, conspiracy, or any other intentional acts.

Furthermore, there is one other obvious ground for dismissal; Everlong has not, and can never, meet its burden to allocate between covered and uncovered claims. Again, here, based on Everlong’s own allegations, at least some of the claims were wholly uncovered as a matter of public policy. Florida law requires that a party seeking to recover a judgment from the named defendant’s insurer *must* allocate between covered and uncovered claims, and that a failure to do so forecloses any bad faith claim.[1]

The Court should grant Great American’s Motion to Dismiss Everlong’s Amended Complaint with prejudice and without leave to replead.

## II. ARGUMENT

### 1. There is no viable bad faith claim because Everlong pleads no settlement demand within limits and, in any event, Great American did try to settle.

The Court dismissed the first Complaint for succinct reasons; Everlong failed to allege that it ever made a single settlement demand, let alone one within limits. The Court gave Everlong a chance to amend to allege as much; Everlong has not done so, because it cannot do so.

---

1 *Highland Holdings, Inc. v. Mid-Continent Cas. Co.*, No. 8:14-CV-1334-T-23TBM, 2016 WL 3447523, at *4 (M.D. Fla. June 23, 2016) (“‘Florida law clearly requires the party seeking recovery...to allocate any settlement amount between covered and noncovered claims,’ . . . and Highland Holdings fails to establish what portion of the $650,000 settles claims covered by the insurance agreement. Failure to establish how much the insured paid to settle covered claims ‘precludes recovery.’”) (citations omitted), *aff’d,* 687 F. App’x 819, 824 (11th Cir. 2017) (“The district court did not err by entering summary judgment in favor of Mid-Continent and denying the motion filed by Highland . . . Highland failed to prove what portion of the settlement amount was attributable to the claims of advertising injury that were covered under its insurance policy.”).

Everlong tells a different story on its second run, presumably knowing that its original breach argument—that Great American failed to settle within policy limits—fails under the facts of the case. While Everlong keeps that original argument (despite once again failing to show a single settlement demand, let alone one within policy limits), Everlong tries to take advantage of Florida law by asserting the breach of a new duty, that "Great American had an affirmative duty to, at a minimum, initiate settlement negotiations with the Plaintiff" but failed to do so. Amended Complaint ¶¶ 85, 88. This second argument fails under the facts of the case, too.

***Alleged failure to settle within policy limits***. At the January hearing, Everlong's counsel struggled to find in its Complaint an allegation of a settlement demand within policy limits, let alone any settlement demand. Hearing Tr. 8:21-24 (Mr. Moss: "We did make a settlement offer and that's in here. I am trying to find it. I mean, we could amend to specifically say that. I think we allege it. I am just going through it."). Unable to find any settlement demand in the original Complaint, the Court made clear to Everlong that for any repleading to survive dismissal, the Court needed to see that "there was an offer. They [*i.e.*, Great American] rejected it." *Id*. at 21:15-16.

Everlong still has not found a settlement demand within policy limits, and it won't ever, because those are not the facts of this case. So, all that Everlong alleges over and over again in the Amended Complaint is that Everlong was "*ready, willing and able* to resolve the claims against Great American's insured for within policy limits," Amended Complaint ¶¶ 41, 43, 46, 48, 51, 53, 55, but that *per se* is not a settlement demand. *See* Hearing Tr. 18:4-6 (Mr. Ruggeri: "Saying you will consider settling is not a settlement demand." The Court: "I agree with that.").

Everlong's counsel stated at the January hearing that there was case law that supported Everlong's failure to settle claim. A close inspection of that case law, however, shows that it

also includes the essential policy limit demand that is missing here. In *Contreras*, the underlying claimant, Velasquez, demanded policy limits to settle claims against two insureds, while excluding the third insured from the demand. *See Contreras v. U.S. Sec. Ins. Co.,* 927 So. 2d 16, 18 (Fla. Dist. Ct. App. 2006) ("Velasquez *offered to accept the policy limits* in exchange for a release of Dessanti and U.S. Security, but not Dale. The offer was good until October 15, 1992.").[2] In that situation, the Court recognized that an unreasonable decision to reject that settlement offer within policy limits could form the basis of a bad faith claim.

*Contreras* shows the fatal flaw with Everlong's claim. Unlike *Contreras*, Everlong does not and cannot plead this necessary element of a bad faith failure to settle a claim—it never made a settlement demand within policy limits for Oakmont Stables, or Oakmont Stables and its employees. *See* Amended Complaint ¶¶ 41, 43, 46, 48, 51, 53, 55 (asserting that Everlong was "*ready, willing, and able*" to resolve the claims against Oakmont Stables within policy limits).

A bad faith failure to settle claim, under Florida law, cannot lie absent a settlement demand within limits. *See e.g., Davis v. Nationwide Mut. Fire Ins. Co.*, 370 So. 2d 1162, 1163 (Fla. Dist. Ct. App. 1979) ("[T]he general rule under the case law of this state is that insurance companies will not be liable for an excess verdict if there is no offer of settlement within the policy limits."); *RLI Ins. Co. v. Scottsdale Ins. Co.*, 691 So. 2d 1095, 1096 (Fla. Dist. Ct. App.

---

[2] The other case Everlong's counsel cited at the hearing, *United Fire & Casualty Co. v. Progressive Express Insurance Co.,* is off point because it concerns a bad faith issue that is not at issue in this case. No. 6:19-CV-1049-CEM-EJK, 2023 WL 6376383 (M.D. Fla. Sept. 30, 2023). There, the bad faith claim was that the insurer failed to timely retain defense counsel to defend its insured, which the insured argued precluded opportunities to settle. *See* Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, 2020 WL 7483538 ("Had Defendant provided Great South with defense counsel, as it did for its other insureds, Great South may have been able to negotiate a settlement favorable to itself before Defendant settled with the Mills."). Everlong does not make this claim against Great American.

1997) (dismissing bad faith claim against insurer where insurer "at no time missed an opportunity to settle which would have put it in a bad faith posture"). Without a policy limit demand, there may be no causal connection between any alleged breach of the duty to settle within policy limits and the excess damages, here the $3.2 million consent judgment. *See Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:23-CV-1145-WWB-DCI, 2025 WL 2264986, at *5 (M.D. Fla. Aug. 7, 2025) ("And without an opportunity to settle for the policy limits prior to suit, State Farm could have done nothing to avoid, or to cause, the excess judgment.").[3] Because Everlong still fails to allege this essential element of a bad faith failure to settle claim, Great American cannot be held liable for the consent judgment as a matter of law, and this Court should dismiss Everlong's claim with prejudice for failure to state a claim.

***Alleged failure to initiate settlement discussions***. Everlong's new breach argument—that Great American failed to initiate settlement discussions—does not rescue Everlong's Amended Complaint. The argument is not only unsupported by the facts (like above), but also directly contradicted by Everlong's own allegations.

To be sure, Florida law recognizes a limited exception where a carrier may have a duty to initiate settlement discussions, specifically when "liability is clear and injuries so serious that a judgment in excess of policy limits is likely." *Montanez v. Liberty Mut. Fire Ins. Co.*, 478 F. Supp. 3d 1242, 1247 (S.D. Fla. 2019), *aff'd*, 824 F. App'x 905 (11th Cir. 2020).

The exception does not appear to apply here; nonetheless, even if Great American had such a duty, Everlong's allegations show there was no breach. Indeed, Everlong tells us that

---

[3] *See also See Deary v. Progressive Am. Ins. Co.*, 536 F. Supp. 3d 1258, 1269 (S.D. Fla. 2021), *aff'd*, No. 21-11878, 2022 WL 2916358 (11th Cir. July 25, 2022) (no viable failure to settle claim when insurer made a settlement offer and claimant withdrew her policy limit demand in response because "[a]n insurer cannot act in bad faith for failure to settle when it did not have a reasonable opportunity to enter into a settlement on behalf of its insured in the first place.").

Great American abided by this duty, alleging that Great American attended mediation (which was unsuccessful) and that following mediation, Great American continued to explore settlement with Everlong and made an offer within policy limits.

> [Great American claims adjuster] Winford agreed, and [defense counsel] Octant then made the following offer: "Defendants are offering a global settlement consistent with the offer presented at mediation. Defendants will remit a one-time payment in the amount of $100,000 with an agreement that each side would keep the horses they currently have in their custody in exchange for Whiterock withdrawing its $348,000 counter claim. This creates a $448,000 global settlement.

Amended Complaint ¶ 37; ¶ 38 ("The $100,000 cash portion of the offer set forth in the preceding paragraph would have been paid by Great American . . .").

To be sure, this settlement offer was also discussed at the hearing, where the Court pointed out that Everlong never made a counterproposal to settle with just Oakmont Stables:

> THE COURT: Yes. Mr. Moss, you are saying your client is not happy because that settlement offer involved non-insureds. It was global. It was global including non-insureds.
>
> But his point is, you don't say anywhere that then your client comes back -- I can see that your client has a discussion that is set out in paragraph 39. But I guess point is, your client doesn't come back and say, here is our counterproposal involving only insureds.

Hearing Tr. at 16:25–17:8. Everlong did not cure this point, either; that is because Everlong did not, ever, make a settlement demand, either in or outside of policy limits.

Because Everlong's own allegations disprove its alleged failure to initiate settlement claim, this Court should dismiss Everlong's final breach claim with prejudice too. *See Seaboard Marine*, 2009 WL 928719, at *3 ("Dismissal for failure to state a claim upon which relief can be granted is warranted when the factual allegations of the complaint affirmatively disprove the alleged cause of action.").

### B. Florida public policy precludes coverage here, and so there is no viable bad faith claim.

Separately, there is a second reason to grant Great American's Motion to dismiss with prejudice. Under Florida law, "no cause of action for bad faith exists against an insurer for failure to settle and indemnify against uncovered claims." *Stephens v. Dairyland Ins. Co.*, No. 512CV442OCUAMHPRL, 2013 WL 12155825, at *2 (M.D. Fla. Nov. 26, 2013). "Indeed, without coverage, a bad faith claim cannot proceed. . . . If a claim is not covered by the insurance policy, an insurer could not have acted in bad faith in refusing to settle the uncovered claim." *Id.* at *3 (collecting cases); *Hartford Ins. Co. v. Mainstream Const. Grp., Inc.*, 864 So. 2d 1270, 1272 (Fla. Dist. Ct. App. 2004) ("If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim. Similarly, if there is no coverage, then the insured would suffer no damages resulting from its insurer's unfair settlement practices."). That is to say, before claiming bad faith, Everlong must *prove* there was coverage in the first instance. Here, as a matter of law and without even considering the policy language,[4] there was not.

There is no coverage for the underlying claim due to Florida public policy. "It is axiomatic in the insurance industry that one should not be able to insure against one's own intentional misconduct." *Ranger Ins. Co. v. Bal Harbour Club, Inc.*, 549 So. 2d 1005, 1007 (Fla. 1989). As such, "Florida courts have long held that the public policy of this state prohibits an insured from being indemnified from a loss resulting from its own true intentional acts." *Griffin*

[4] Should this Amended Complaint somehow survive these grounds for dismissal with prejudice, Great American reserves the right to show, under a Rule 12(c) motion, summary judgment motion, or otherwise, why there was no coverage under the plain policy language as well, including the "Intentional Loss" exclusion, stating it excludes coverage "for loss or damage arising out of any act an 'Insured' commits or conspires to commit with the intent to cause a loss or damage. In the event of such loss, no 'Insured' is entitled to coverage, even 'Insureds' who did not commit or conspire to commit the act causing the loss." ECF No. 40-1 at 56.

*Bros. Co. v. Mohammed*, 918 So. 2d 425, 430 (Fla. Dist. Ct. App. 2006) (citing *Ranger* and *Lindheimer v. St. Paul Fire & Marine Ins. Co.,* 643 So.2d 636 (Fla. 3d DCA 1994)).

In that regard, theft by the insured has been specifically held to be uninsurable as a matter of public policy. *Twin City Fire Ins. Co. v. CR Techs., Inc.*, 90 F. Supp. 3d 1320, 1325 (S.D. Fla. 2015) ("civil theft is not insurable as a matter of public policy.") (citing *Ranger*). Fraud, too, is uninsurable. *Everglades Marina, Inc. v. Am. E. Dev. Corp.*, 374 So. 2d 517, 519 (Fla. 1979) ("We recognize the long-established law of this state that an insurer is not liable to indemnify the insured for losses directly incurred by the fraud or misconduct of that insured."). Civil conspiracies, being inherently intentional, are uninsurable. *State Farm Fire & Cas. Co. v. Steinberg*, No. 02-80209-CIV-RYSKAMP, 2003 WL 25730505, at *3–4 (S.D. Fla. Apr. 15, 2003) ("Plaintiff argues that Florida's public policy prohibits Fine from receiving coverage because an insured should not be able to insure against his own intentional misconduct . . . Here, Defendants cannot insist that Defendant Fine did not intend to inflict an injury by his intentional act; the complaint alleges that Fine conspired to wrongfully take confidential information from Nicholson–Kenny."). And punitive damages are uninsurable. *U.S. Concrete Pipe Co. v. Bould*, 437 So. 2d 1061, 1064 (Fla. 1983) ("Florida public policy prohibits liability insurance coverage for punitive damages assessed against a person because of his own wrongful conduct.").

And yet these specific allegations – theft, fraud, a conspiracy to commit the same, and a claim for punitive damages – were the *entire basis* of the underlying lawsuit. As Everlong itself makes clear:

> In the underlying lawsuit, Everlong alleged that Darragh Kenny, along with the other defendants, **defrauded** Everlong by, among things, **stealing** prize money due to Everlong, selling horses and failing to share sale proceeds, charging personal and unrelated business expenses to Everlong, **stealing** and selling valuable horse straws (semen), and a variety of other **fraudulent** acts.

Amended Complaint ¶ 11; ¶¶ 75, 76 ("On November 10, 2023, the trial Court entered an order granting Everlong's Motion for Leave to Amend Complaint to Assert Claim for **Punitive Damages**, authorizing Everlong to file its Third Amended Complaint. The Third Amended Complaint included counts for **fraud** and **conspiracy to commit fraud** against all of the defendants.") (emphasis added).

Fraud is not insurable. *Evergaldes Marina*, 374 So. 2d at 519. Theft is not insurable. *Twin City*, 90 F. Supp. 3d at 1325. Civil conspiracies are not insurable. *Steinberg*, 2003 WL 25730505, at *3-4. Punitive damages are not insurable. *U.S. Concrete*, 437 So. 2d at 1064. There was clearly no coverage for the underlying lawsuit, and a claim for bad faith fails on its face when there is no coverage:

> Under Florida law, it is inappropriate to litigate a bad faith claim against an insurer until after any underlying coverage dispute is resolved. This is premised on the notion that if there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim. Similarly, if there is no coverage, then the insured would suffer no damages resulting from its insurer's unfair settlement practices.

*Maryland Cas. Co. v. Alicia Diagnostic, Inc.*, 961 So. 2d 1091, 1092 (Fla. Dist. Ct. App. 2007).

Because the entirety of the underlying claim was for uninsurable intentional acts, namely fraud, theft, and a conspiracy to do the same, as well as uninsurable punitive damages, Great American is entitled to dismissal with prejudice.

**C. The settlement and consent judgment are unallocated, precluding recovery.**

Finally, there is one other dispositive issue that precludes Everlong's claim. The settlement agreement and consent judgment are completely unallocated, which means Everlong cannot recover as a matter of Florida law. Here, it is undisputed that the settlement and consent

judgment resolved facially uncovered claims (*e.g.*, fraud, theft, and conspiracy). Even if there were *some* claim in the underlying lawsuit that were covered, Everlong had the burden to allocate between covered and uncovered claims. Everlong can never meet this burden.

"Under Florida law, an insured that an insurer improperly fails to defend may settle the claims against it and sue its insurer for indemnification of the settlement amount. But if an insured enters a settlement that includes both covered and noncovered claims, it must allocate the settlement amount among the various claims to bind the insurer." *Liberty Mut. Fire Ins. Co. v. State Farm Fla. Ins. Co.*, No. 20-12970, 2022 WL 1025164, at *5 (11th Cir. Apr. 6, 2022) (citing various). "So when an insured categorically fails to allocate funds when entering into a mixed settlement, the insured will be unable to recover." *Id.*[5]

In sum, when parties to a *Coblentz* agreement fail to allocate between covered and uncovered claims, the bad faith claim fails as a matter of law, and the insured (or its assignee) cannot recover at all. On the faces of the settlement agreement and consent judgment, Oakmont and Everlong made no attempt to allocate claims, instead entering a flat sum of $3.2 million. *See generally* ECF 40-1; ECF 40-3 ¶ 18. Thus, as the claims are completely unallocated, Everlong is precluded from recovery, and the Amended Complaint again should be dismissed with prejudice.

---

[5] *E.g.*, *Trovillion Const. & Dev., Inc. v. Mid-Continent Cas. Co.*, No. 6:12-CV-914-ORL-37, 2014 WL 201678, at *8 (M.D. Fla. Jan. 17, 2014) ("the damages in the consent judgment require both temporal and categorical allocation, but the settlement agreement and consent judgment are completely unallocated. . . . Florida law requires Trovillion, the party seeking recovery, to allocate the settlement amount between covered and uncovered claims. . . . Inability to allocate precludes recovery.") (citations omitted); *Universal Underwriters Ins. Corp. v. Reynolds*, 129 So. 2d 689, 691 (Fla. Dist. Ct. App. 1961) ("where a judgment includes elements for which an insurer is liable and also elements beyond the coverage of the policy, the burden of apportioning these damages is on the party seeking to recover . . . That it is impossible for the plaintiff to do so in the case at bar does not change the basic predicament in which he finds himself.") (citations omitted).

## II. CONCLUSION

Great American Assurance Company respectfully requests that the Court dismiss Everlong's Amended Complaint with prejudice, without leave to replead.

Dated: March 3, 2026

Respectfully submitted,

By: /s/ Jennifer M. Clark
Jennifer M. Clark
Florida Bar No. 22434
Christopher S. Morin
Florida Bar No. 177600
Murray, Morin & Herman, P.A.
3550 Buschwood Park Drive, Suite 130
Tampa, FL 33618
Tel: (813) 222-1800
Fax: (813) 222-1801
jclark@mmhlaw.com
cmorin@mmhlaw.com

- and -

James P. Ruggeri (*pro hac vice*)
Nicholas E. Yu (*pro hac vice*)
Ruggeri Parks Weinberg LLP
1875 K St. NW, Suite 800
Washington, DC 20006
Tel: (202) 984-1400
Fax: (202) 984-1401
jruggeri@ruggerilaw.com
nyu@ruggerilaw.com

*Attorneys for Defendant Great American Assurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, a copy of the foregoing was filed electronically and served by mail on any party unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any party unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jennifer M. Clark
Jennifer M. Clark