UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-80578-DAMIAN

EVERLONG, LLC, a Florida Limited Liability Company, on its own behalf, and as assignee of OAKMONT STABLES, LLC, a Florida Limited Liability Company,

Plaintiff,

vs.

GREAT AMERICAN ASSURANCE COMPANY, an Ohio corporation,

Defendant.
_____________________________________ /

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff, Everlong, LLC, responds to the Motion to Dismiss the First Amended Complaint (ECF No. 41) filed by the Defendant, Great American Assurance Co.

In this insurance bad faith action, Great American seeks to dismiss the First Amended Complaint with prejudice. Great American raises two arguments. First, it alleges that it cannot be held in bad faith because the Plaintiff never made a settlement demand or offer. Second, it alleges that the underlying judgment bars a bad faith claim. Neither argument is supported by the allegations set forth in the First Amended Complaint or the applicable law.

**FAILURE TO PRESENT A SETTLEMENT DEMAND**

In support of its motion, Great American relies on this Court's statements made during the hearing on the Motion to Dismiss the original complaint, when the Court stated that in order for the Plaintiff "to survive [a motion to dismiss] it needs to be a little more clear on,

there was an offer. They rejected it." (January 26, 2026 hearing transcript at p. 21, lines 7-16.) Based on these comments, Great American argues that "Everlong has not and cannot allege that it made *any* settlement demand." (Motion to Dismiss at p. 2; italics in original.) This statement is unsupported by the allegations in the First Amended Complaint.

In paragraph 40 of the First Amended Complaint, the Plaintiff alleges that on "May 5, 2022, Great American's claims adjustor emailed Ocrant (defense counsel retained by Great American), asking: 'Plaintiff is inquiring about a settlement resolution involving Oakmont Stables.'" In paragraph 42, it is alleged that "Everlong sent a detailed demand letter and notified Great American that 'Everlong will consider settling with Oakmont Stables (Great American's sole insured)' upon Great American tendering its remaining policy limits." It is important to note that this was a wasting/depleting insurance policy, so Everlong could not make a demand for the specific policy limits because it did now know the amount of the remaining policy limits.

In response, counsel for Oakmont notified the claims adjustor that this demand would "leave all the remaining defendants in the case. Therefore, I do not believe this is an actual settlement demand for the policy limits." (¶44 of the First Amended Complaint.) This ignores the fact that the demand was make solely against the insured, Oakmont Stables, and not the "remaining defendants." However, if there is any question whether this was considered a demand within the policy limits, defense counsel's response to Everlong's attorney is crystal clear: "**We respectfully decline to tender the remaining policy limits as your letter does not protect all my clients**." *Id.* (emphasis added). This is clearly a rejection of a policy limit demand made to Great American's insured.



KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133 • Phone: 305.358.6200 • www.krmlegal.com

This is the heart of Everlong's bad faith claim. All settlement overtures by Great American included all the Defendants, including Oakland Ventures and Whiterock Farms, entities that were not insured by Great American. Great American never attempted to solely settle the claims covered by its insurance policy. The allegations set forth above prove that Great American understood that the demand was for the policy limits, but refused to tender the policy limits because it mandated that any settlement include entities it did not insure. Great American's good faith obligation was solely to its insured and not to entities it did not insure.

It is perplexing that Great American now takes the position that "Everlong still has not found a settlement demand within policy limits, and it won't ever, because those are not the facts of this case." (Motion to Dismiss at p. 5.) Once again, as alleged in paragraph 45 of the First Amended Complaint, counsel retained by Great American notified Everlong's attorney that "[w]e respectfully decline to tender the remaining policy limits." This was a denial of a demand for the policy limits. These are the facts of this case.

Great American also relies on this Court's comment that Everlong "doesn't come back and say, here is our counterproposal involving only insureds." (Motion to Dismiss at p. 8.) The Court was referring to paragraph 39 of the original complaint, which cited to a May 2022 email in which Great American's claims adjustor asked defense counsel, "Plaintiff is inquiring about a settlement resolution involving Oakland Stables." Everlong has addressed the Court's concern in the First Amended Complaint.

In paragraph 42 of the First Amended Complaint, Everlong alleges in August 2022 it sent Great American a demand letter stating it was seeking to settle with Oakmont Stables. In paragraph 47, Everlong alleges that in September 2022 one of the partners in Oakmont Stables requested that Great American "settle all claims against Oakmont." In paragraph 34, Everlong



KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133 • Phone: 305.358.6200 • www.krmlegal.com

alleges that within a month of the December 2022 mediation, Everlong's counsel requested that Great American make a settlement offer "with respect to its named insured (Oakmont Stables, LLC) only." In paragraph 50, Everlong alleges that in January 2023 its attorney "requested a settlement offer from Great American with respect to its named insured (Oakmont Stables, LLC) only."

It is also important to note that any attempts to settle solely with Great American's insured was a futile endeavor. As alleged in paragraph 56 of the First Amended Complaint, Great American's claims adjustor has testified that Great American never considered proposing a settlement that would have resolved the claims solely against its insured.

Great American's factual arguments are not supported by the allegations set forth in the First Amended Complaint. Likewise, Great American's legal arguments are also flawed. According to Great American, a "bad faith failure to settle claim, under Florida law, cannot lie absent a settlement demand within limits." (Motion to Dismiss at p. 6.) This is not an accurate statement of the law.

In support of its argument, Great American relies on *Davis v. Nationwide Mut. Fire Ins. Co.*, 370 So.2d 1162 (Fla. 1st DCA 1979).[1] Davis was decided in 1979. In 1991, the court in *Powell v. Prudential Property & Casualty Ins. Co.*, 584 So. 2d 12, 14 (Fla. 3d DCA 1991), *rev. denied,* 598 So.2d 77 (Fla. 1992), explained:

---

[1] The other cites cited by Great American have no application to the issues before this Court. For example, in *RLI Ins. Co. v. Scottsdale Ins. Co.,* 691 So.2d 1095 (Fla. 4th DCA 1997), the issue before the court was whether an excess carrier had a bad faith claim against the primary carrier when there was no demand made in excess of the primary coverage. In *Davis v. State Farm Mut. Auto. Ins. Co.*, 2025 WL 2264986 (M.D.Fla. August 7, 2025), the Plaintiff notified State Farm that the claim could not settle for the policy limits. As set forth in the First Amended Complaint, Everlong was always willing to settle its claims with Great American's insureds within the policy limits.



KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133 • Phone: 305.358.6200 • www.krmlegal.com

> The lack of a formal offer to settle does not preclude a finding of bad faith. Although an offer of settlement was once considered a necessary element of a duty to settle, 31 Fla. Jur.2d *Insurance* § 818, at 295 (1981), this court held in *General Acc. Fire & Life Assur. Corp. v. American Cas. Co.,* 390 So.2d 761, 765 (Fla. 3d DCA 1980), *rev. denied,* 399 So.2d 1142 (Fla. 1981), that an offer to settle is not a prerequisite to the imposition of liability for an insurer's bad faith refusal to settle, but is merely one factor to be considered.

Addressing the need to make formal demand, the court in *Snowden v. Lumbermens Mut. Cas. Co.*, 358 F. Supp. 2d 1125 (N.D.Fla. 2003), explained that "although Florida courts once adhered to this rule, more recent cases show that they have relaxed the talismanic requirement of an offer to settle, imposing a 'totality of the circumstances' test instead." (Citations omitted.)

In *Ilias v. USAA Gen. Indem. Co.*, 61 F.4th 1338 (11th Cir. 2023), the Court of Appeals for the Eleventh Circuit recently explained that "[b]ad faith 'is determined under the totality of the circumstances' standard, and we focus 'not on the actions of the claimant, but rather on those of the insurer in fulfilling its obligations to the insured.''" (Citations omitted.) *Ilias* is instructive. In that case, the underlying Plaintiff "never offered to settle or sent a counteroffer." *Id.* at 1345. The court held that this fact may be relevant to bad faith, but it was not dispositive of the plaintiff's claim and reversed the trial court's entry of summary judgment in favor of the insurer. Even faced with the lack of an offer to settle from the Plaintiff, the Court held that "we are satisfied that there is a genuine issue of material fact as to whether USAA's handling of [the plaintiff's] claim amounted to bad faith." *Id.*

As set forth above, Great American's argument that this case should be dismissed because Everlong "failed to allege that it ever made a single settlement demand" is both factually and legally incorrect.



KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133 • Phone: 305.358.6200 • www.krmlegal.com

**NO COVERAGE FOR UNDERLYING CLAIM AND UNALLOCATED RECOVERY**

Great American raises a new argument, now claiming Everlong's case should be dismissed because the underlying claims were uncovered. To begin with, Great American is asking this Court to determine that no coverage existed. This is an issue that is in dispute and cannot be decided on a motion to dismiss. Great American concludes that there "is no coverage for the underlying claim due to Florida public policy." If it is true that Florida public policy bars coverage, then why did Great American offer $100,000 on behalf of its insured to globally settle all claims? (*See* ¶¶35 to 38 of the First Amended Complaint.) This is an affirmative defense that must be raised in an answer.

The cases cited by Great American are not helpful. In the unpublished decision in *Stephens v. Dairyland Ins. Co.*, 2013 WL 12155825 (M.D. Fla. May 30, 2013), there was no dispute that the insurance policy did not provide coverage for bodily injury. In *Hartford Ins. Co. v. Mainstream Constr. Group, Inc.*, 864 So.2d 1270 (Fla. 5th DCA 2004), the court held that a pending declaratory coverage action brought by the plaintiff seeking coverage had to be decided before a bad faith claim proceeded. The insurer had denied the coverage at issue. Here, Great American never denied coverage. Likewise, in *Maryland Cas Co. v. Alicia Diagnostic, Inc.*, 961 So.2d 1091 (Fla. 5th DCA 2007), the court held that a bad faith claim was not ripe since a pending first-party breach of insurance claim was pending.

In a related argument, Great American also claims that Everlong cannot recover as a matter of law a judgment that is not allocated between uncovered and covered claims. Again, this is not an accurate statement of Florida law and presupposes that some of the claims were uncovered. Once again, the cases cited by Great American are not helpful. In the unpublished decision in *Liberty Mut. Fire Ins. Co. v. State Farm Ins. Co.*, 2022 WL 1025164 (11th Cir.

April 6, 2022), the case involved indemnification and not bad faith. Furthermore, the insurer had denied coverage and there was no issue that some claims were covered and some were not. It is also imperative to note that the decision being appealed was a decision on a motion for summary judgment, not a motion to dismiss.

In a footnote, Great American relies on *Trovillion Constr. & Dev., Inc. v. Mid-Continent Cas. Co.*, 2014 WL 201678 (M.D. Fla. Jan. 17, 2014). This case was also decided on a summary judgment motion. It was not a bad faith case, but an indemnity action. Assuming that Everlong must allocate the subject judgment (an issue that Everlong does not concede), the court in *Trovillion* noted that the plaintiff "presented no evidence that it could apportion damages" and failed "to produce evidence suggesting it is capable of doing so." Again, assuming allocation is required, Everlong must be given the opportunity to allocate its damages.

Based on the facts and law set forth above, the Plaintiff, Everlong, LLC, requests that this Court deny the Motion to Dismiss the First Amended Complaint.

Respectfully submitted,

**KUTNER, RUBINOFF & MOSS, LLP**
2665 South Bayshore Drive
Suite 301
Coconut Grove, Florida 33133
Phone: 305-358-6200
Fax: 305-577-8230

By: *s/Andrew M. Moss*
Andrew M. Moss
Florida Bar No. 0170259
Moss@krmlegal.com
Diaz@krmlegal.com

[Certificate of Service on Next Page.]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on March 17, 2026 on all counsel of record via the CM/ECF system.

**KUTNER, RUBINOFF & MOSS, LLP**
2665 South Bayshore Drive
Suite 301
Coconut Grove, Florida 33133
Phone: 305-358-6200
Fax: 305-577-8230

By: ***s/Andrew M. Moss***
Andrew M. Moss
Florida Bar No. 0170259
Moss@krmlegal.com
Diaz@krmlegal.com